

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Melvin Combs
Criminal District Attorney
Beaumont, Texas

Dear Sir:  Attention: Mr. Earl Black

Opinion Number O-4870
Re: Detachment of territory from
common school district by
county board and formation
of new district with such
territory.

We have received your letter of recent date, which
we quote, in part, as follows:

"We have received a request from the County
School Superintendent of Jefferson County for
an opinion as to how to divide Jefferson County
Common School District No. 16. The district
will be divided equally. Will you please ad-
vise us of the procedure for dividing this
school district?

"We enclose herewith our Opinion on this
subject."

Your brief shows that the matter in which you are
interested is the division of a common school district
(C. S. D. #16) in two parts, forming a new district out of
one part, and leaving the other part as a common school dis-
trict. In other words, you want to know the procedure where-
by part of the territory of a common school district may be
detached and be incorporated into a new school district. We
assume that the common school district lies wholly within
Jefferson County.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Melvin Combs, page #2

Article 2742e, Section 2, Vernon's Annotated Civil Statutes, reads as follows:

"That on and after the passage of this Act the County Board of School Trustees in any county in this State shall have authority and full power to create Common School Districts, to subdivide districts, and to change boundary lines of any or all Common School Districts legally coming under the jurisdiction of the County Board of School Trustees, subject to the supervision of the District Court having jurisdiction over the county where the County Board is appointed or elected; provided that before any changes may be made in boundary lines of school districts the trustees of the Common School Districts affected shall be notified to appear before the County Board for a hearing, and after said hearing, or the date set for said hearing, the County Board of Trustees may pass such order or orders as will carry out the provisions of this Act; provided, further that the trustees of the districts affected may appeal from the decision of the County Board to the District Court. Acts 1929, 41st Leg., 1st C.S., p. 259, ch. 109."

Section 1 of Article 2742f, Vernon's Annotated Civil Statutes (Acts 1929, 41st Leg., 1st C.S., p. 106, ch. 47), deals with the authority of the County Board to detach territory from one school district and attach to another contiguous district such territory. In Opinion No. O-4238 we had before us the question of the transfer of territory from a common school district to an independent district. Under the authority of County School Trustees of Orange County, et al. v. District Trustees of Prairie View Common School District No. 8 (Sup. Ct.), 153 S. W. (2d) 434, and Board of School Trustees of Young County v. Bullock Common School District No. 12 (Com. App.), 55 S. W. (2d) 538, we held in Opinion No. O-4238 that Section 2 of Article 2742e and Section 1

Honorable Melvin Combs, page #3

of Article 2742f must be read together with respect to such a transfer. We enclose a copy of such opinion for your consideration.

Section 1-a of Article 2742f gives the County Board authority upon the receipt of a petition therein described to detach territory from a district or districts and incorporate such territory into a new common or independent school district. We do not believe it necessary to set out at length the provisions of Section 1-a. We are of the opinion that under Section 1-a of Article 2742f and under the general authority of Section 2 of Article 2742e the contemplated action is permissible. We will point out the limitations specified in Section 1-a and the steps which must be taken under its terms.

In the first place, no district may be reduced to, nor a new district created with, an area of less than nine square miles. The new district must have sufficient taxable valuations to support an efficient school system. We assume that these limitations will not affect the situation under consideration.

The petition presented to the County Board must give the metes and bounds of the proposed district and must be signed by a majority of the voters residing in the territory to be detached. In the case under consideration the territory to be detached exceeds 10% of the total area of the district (C. S. D. No. 16); therefore, under Section 1-a, the County Board must also have the written approval of a majority of the trustees of such district (C. S. D. No. 16). Before the County Board passes an order detaching the territory and incorporating such territory into a new district, notice of such proposed action must be given to the officers of the board of trustees of the district whose area would be affected (C. S. D. No. 16), and such officers must be given an opportunity to be heard on the proposed change.

301

The new district may be either a common or an independent school district, and it will be governed by the laws relating to such districts. At the time of the establishment of the new district, the County Board shall appoint a board of trustees for such district who will serve until the next regular election for school trustees.

Any bonded indebtedness shall be adjusted by the County Board; however, before a tax may be levied in the new district to pay such indebtedness, the new district must vote to assume the indebtedness and authorize the levy of the necessary tax to pay the same. See Articles 2785, 2786, 2806, 2807, Vernon's Annotated Civil Statutes.

We trust that we have answered the questions in which you are interested. We wish to thank you for your able and helpful brief.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By George W. Sparks
George W. Sparks
Assistant

GWS-s

